# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATHAN DANIEL BAGNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-049-GKF-JFJ |
| | ) |
| SHERIFF FLOYD, | ) |
| R/N THERESA HORN,[1] | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Nathan Bagnell, a state prisoner appearing pro se and in forma pauperis, commenced this 42 U.S.C. § 1983 action on January 30, 2017, by filing a complaint (Dkt. 1) against three defendants: Sheriff Jeremy Floyd, Dr. Aleta Fox, and Nurse Theresa Horn. Bagnell supplemented his complaint with "additional information" on February 15, 2017 (Dkt. 5).[2] Bagnell claims his civil rights were violated while he was incarcerated at the Ottawa County Jail (OCJ). *See* Dkts. 1, 5. By Order filed March 2, 2017 (Dkt. 8), the Court dismissed Fox from this action, directed service on Floyd and Horn, and ordered a Special Report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). The Defendants filed a Special Report on May 9, 2017 (Dkt. 18).

Before the Court are Floyd's motion to dismiss, or in the alternative, motion for summary judgment (Dkts. 19, 21), Horn's motion to dismiss, or in the alternative, motion for summary judgment (Dkts. 20, 22), and the Defendants' joint motion to strike Bagnell's supplemental briefs

---

[1] Bagnell's complaint and various pleadings refer to Defendant Theresa Horne. According to a signed declaration submitted to the Court on May 9, 2017, the correct spelling of Horne's name is Theresa Horn. Dkt. 18-4. The Clerk of Court shall note this correction on the record.

[2] Hereinafter, the Court's references to the complaint mean the complaint (Dkt. 1) as supplemented by Bagnell's "additional information" (Dkt. 5).

(Dkt. 35). For the reasons discussed below, the Court finds that (1) the motions to dismiss and motion to strike shall be granted, (2) the complaint shall be dismissed without prejudice, and (3) the alternative motions for summary judgment shall be declared moot.

I.  **Background[3]**

Bagnell filed his complaint while he was incarcerated at the OCJ. Bagnell alleges that OCJ officials "purposly [sic] ignor[ed] verbal & written needs to keep [him] healthy and safe," and that the purpose of his action is "[t]o bring awareness to the negligence and inhumane conditions" at the OCJ. Dkt. 1 at 2.[4]

In Count I of his complaint, Bagnell claims Sheriff Floyd violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide humane living conditions. *Id.* at 1-2, 5-8. Bagnell alleges that inmates in the OCJ are exposed to "black mold," "fed within 5 ft of raw sewage," and placed in danger by being chained together when they are transported to court. *Id.* at 5-7. Bagnell states that he is "in fear of being poisoned from being exposed to [raw sewage] and black mold," *id.* at 5, and that he is "in fear of [his] life when [he's] chained to 10

---

[3] Because Floyd and Horn seek dismissal under FED. R. CIV. P. 12(b)(6), the following facts are drawn from the complaint, documents that the complaint incorporates by reference, and documents referred to in the complaint to the extent those documents are central to Bagnell's claim and the parties do not dispute the authenticity of those documents. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (discussing materials district court may examine in ruling on Rule 12(b)(6) motion without converting Rule 12(b)(6) motion to motion for summary judgment). The Court includes facts from the Special Report only to the extent those facts do not refute facts specifically pled by Bagnell. *See Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the *Martinez* report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."). To the extent the parties disagree on the facts, the Court accepts the well-pleaded factual allegations in Bagnell's complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 570 (2007).

[4] For consistency, the Court's record citations refer to the court-stamped page number in the upper-right hand corner of each document.

people" for transport, *id.* at 6. Bagnell further alleges that the OCJ is overcrowded, "urine and feces overflow[] onto the floor" when toilets in cells A10 and A11 are used, inmates are not issued cleaning supplies, lights in the cells do not work, "only one shower works properly," "[o]nly a few sinks can provide fresh water to drink," there are no exit signs, "cell doors don't function properly," "[t]here is a 50 ft extension corde [sic] running to the T.V.," and the jail once failed to provide enough razors for all inmates. *Id.* at 5-7, 22-23. He alleges he has repeatedly complained about the conditions at the OCJ, but none of his "requests for grievances have been answered." *Id.* at 7-8, 23.

Within his supporting facts for Count I, Bagnell also alleges he failed to receive his "psych meds" for six days and does not "feel right" without his "meds," *id.* at 5, his wife saw an OCJ staff member open or "tamper with [his] legal mail," *id.* at 5-6, 21, 26, another inmate saw inmate mail in a trash can, *id.* at 5, 8, 26, and it once took 19 days for his wife to receive a letter from him, *id.* at 6, 26.

Finally, in what appears to be a separate claim against Floyd, Bagnell alleges Floyd violated his due process rights by directing OCJ staff to deny his requests for copies of legal papers pertaining to the instant civil rights action. Dkt. 5 at 1-4.

In Count II of his complaint, Bagnell claims Horn, a nurse at the OCJ, is liable for "Medical negligence." Dkt. 1 at 2-3. According to Bagnell, Horn failed to provide his "psych meds," during his "entire" period of incarceration at the OCJ, ignored his multiple requests for medical services between December 5, 2016, and December 29, 2016, and refused to make appointments for him to see an outside doctor. *Id.* at 2, 9-11, 20-21. He also alleges he received treatment at Bearskin Medical on December 14, 2016, and that he "started receiving meds" on December 16, 2016. *Id.* at 10. Bagnell alleges that on December 21, 2016, he requested medical treatment for a lost filling in his tooth. *Id.* Two days later, Horn gave him "gauze" and told him he "was crazy for pulling

3

[his] own tooth," but failed to inspect his mouth. *Id.* Bagnell states he was "in pain for over 45 days," and alleges that on December 29, 2016, and January 2, 2017, he told Horn he had "continuous pain in [his] lower back and legs." *Id.* at 9, 11. Bagnell's wife eventually made him an appointment with Bearskin Medical where he was seen by a doctor on January 6, 2017. *Id.* at 12, 20-21.

In his request for relief, Plaintiff asks for "punitive damages, injunction to administration, admistration [sic] changes, a complete investigation & audit over the entire adm, and the practices of the legal system in this county." *Id.* at 3.

## II. Discussion

### A. Motion to strike

In response to Bagnell's complaint, Floyd and Horn both filed motions seeking dismissal under FED. R. CIV. P. 12(b)(6) or, in the alternative, summary judgment under FED. R. CIV. P. 56(a). *See* Dkts. 19, 20, 21, 22. On September 25, 2017, Bagnell filed a response in opposition to the motions to dismiss (Dkt. 28). Defendants filed a joint reply on October 9, 2017 (Dkt. 29). Bagnell subsequently filed four "notices" containing additional factual allegations and purporting to provide the Court with further "evidence" to support his claims against Defendants (Dkts. 30, 32, 33, 34).

Citing LCvR 7.2(h), Floyd and Horn move to strike three of Bagnell's "notices"—Dkts. 32, 33 and 34—as improper surreplies. *See* Dkt. 35. Under LCvR 7.2(h), a motion is deemed ripe for ruling either (1) after a response and reply have been filed, or (2) if no reply is filed, after the time to file a reply has expired. "Supplemental briefs are not encouraged and may be filed only upon motion and leave of Court." LCvR 7.2(h). Having reviewed Bagnell's "notices," the Court agrees with Defendants that these pleadings are "in intent and effect" improper surreplies filed without leave of Court. *See* Dkt. 35 at 2. As a result, the Court grants Defendants' motion to strike Dkts. 32, 33 and 34 as improper surreplies. For the same reason, the Court *sua sponte* strikes Dkt. 30 as

4

an improper surreply. Thus, the Court will not consider Dkts. 30, 32, 33 and 34 in ruling on the Defendants' motions to dismiss.

B.   **Motions to dismiss under Rule 12(b)(6)**

Floyd and Horn each move to dismiss Bagnell's complaint under FED. R. CIV. P. 12(b)(6). Floyd contends that the factual allegations in the complaint, even accepted as true, are not sufficient to state any plausible § 1983 claims against him. *See* Dkt. 19 at 15-23. Horn primarily contends that Bagnell asserts only a state-law claim against her for medical negligence and argues that claim should be dismissed for various reasons. *See* Dkt. 20 at 14-19. Alternatively, Horn contends that if the complaint could be read as asserting an Eighth Amendment deliberate-indifference claim for the denial of adequate medical care, Bagnell fails to state a claim upon which relief may be granted. *Id.* at 19-23.

In his response to the motions to dismiss, Bagnell urges this Court to deny the motions to dismiss for four reasons: (1) he has been denied access to the law library, (2) he is not represented by counsel, (3) he does not have "access to any and all documents previously filed" in this case, and (4) the conditions at the OCJ have "worsened." *See* Dkt. 28 at 1-2. Defendants' joint reply to the response appears to be both an answer responding to Bagnell's seemingly new claims and a reply addressing Bagnell's failure to come forward with evidence to defeat their alternative motions for summary judgment. *See* Dkt. 29. Because the Court finds that this case can be resolved on Defendants' Rule 12(b)(6) motions to dismiss, the Court declines to consider either Bagnell's claims that are asserted for the first time in his response or Defendants' Rule 56 summary judgment arguments.

To survive a motion to dismiss for failure to state a § 1983 claim, a plaintiff must plausibly allege the "(1) deprivation of a federally protected right by (2) an actor acting under color of state

law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). In reviewing a complaint under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true, even if doubtful in fact, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 558, 570. The complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Id.* at 558.

Additionally, when a plaintiff appears pro se, a court must liberally construe the complaint. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). This "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, a pro se plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* In affording the plaintiff's complaint a liberal construction, a court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

1. **Conditions-of-confinement claim against Floyd**

In Count I, Bagnell alleges Sheriff Floyd violated his Eighth Amendment right to be free from cruel and unusual punishment by allowing inhumane conditions to exist at the OCJ. Dkt. 1 at 1-2, 5-8.

Under the Eighth Amendment, jail officials "must provide humane conditions of confinement," i.e., the officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care and must 'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). The Constitution, however, "'does not mandate comfortable prisons,' and only those deprivations

denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981)).

Accordingly, an inmate asserting a conditions-of-confinement claim must plausibly allege both (1) that the conditions are "'sufficiently serious' to implicate constitutional protection" and (2) that the prison official acted with "'deliberate indifference'" to the inmate's health or safety. *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (quoting *Farmer*, 511 U.S. at 834). To show deliberate indifference, the inmate must plausibly allege that the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," does not violate the Eighth Amendment. *Id.* at 838.

The Court finds that Bagnell's Count I claim should be dismissed for two reasons. First, assuming without deciding that Bagnell states a plausible conditions-of-confinement claim, that claim must be dismissed as moot to the extent he seeks injunctive relief. *See Jordan v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011) (noting that when "a prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief," and have "routinely dismissed such penitentiary-specific conditions-of-confinement claims as moot"). Bagnell's inmate file, submitted with the Special Report, reflects that he was incarcerated at the OCJ from November 10, 2016, to March 10, 2017, when he was released to the Delaware County Jail. Dkt. 18-1. On October 17, 2017, Bagnell notified the Court that he had been

transferred to the Craig County Jail. Dkt. 31. And, according to the Oklahoma Department of Corrections website, since January 18, 2018, Bagnell has been incarcerated at the Jess Dunn Correctional Center. *See* https://okoffender.doc.ok.gov, last visited March 5, 2018. Because Bagnell is no longer subject to the allegedly inhumane conditions at the OCJ and, to the extent he seeks prospective injunctive relief, his Count I claim shall be dismissed as moot. *See Jordan*, 654 F.3d at 1027-28.

Second, to the extent Bagnell seeks punitive damages, the Court finds that the conditions-of-confinement claim shall be dismissed for failure to state a claim upon which relief may be granted.[5] Initially, it is not clear from Bagnell's complaint whether he intends to sue Floyd in his individual or official capacity. "Individual capacity 'suits seek to impose personal liability upon a government official for actions he [or she] takes under color of state law.'" *Brown v. Montoya*, 662 F.3d 1152, 1163 n.8 (10th Cir. 2011) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "In contrast, 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'" *Id.* (quoting *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989)).

To the extent Bagnell intends to sue Floyd in his individual capacity, his general allegations regarding the conditions at the OCJ are insufficient to state a plausible claim against Floyd. Significantly, Bagnell fails to allege how Floyd personally participated in either maintaining or failing to remedy the allegedly unconstitutional conditions of confinement at the OCJ. "Personal

---

[5] Under Tenth Circuit precedent, a prisoner's claim for nominal or punitive damages for past constitutional violations is not necessarily rendered moot by the fact that he has been transferred from the facility where the alleged violations occurred. *See McDaniels v. McKinna*, 96 F. App'x 575, 581 (10th Cir. 2004) (unpublished) (cited as persuasive rather than precedential authority pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A)); *O'Connor v. City and Cty. of Denver*, 894 F.2d 1210, 1215-16 (10th Cir. 1990). However, for the reasons discussed below, the Court finds that Bagnell fails to state a plausible claim.

8

participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Even liberally construed, the complaint does not "identify *specific* actions taken [or not taken] by" Floyd with respect to the allegedly unconstitutional conditions of confinement. *See Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 2011)). Without specific allegations suggesting that Floyd both knows about the allegedly unconstitutional conditions and has nevertheless disregarded substantial risks to Bagnell's health or safety caused by those conditions, the complaint fails to state a claim upon which relief can be granted. *See Farmer*, 511 U.S. at 837. Thus, to the extent Bagnell sues Floyd in his individual capacity, the Count I claim shall be dismissed.

To the extent Bagnell intends to sue Floyd in his official capacity, his claim must be construed as asserting a claim against Ottawa County under a theory of municipal liability. *See Brown*, 662 F.3d at 1163 n.8. To establish municipal liability, a plaintiff must plausibly allege either "that the unconstitutional actions of an employee [1] were representative of an official policy or custom of the [county], or [2] were carried out by an official with final policy making authority with respect to the challenged action." *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000). And to establish municipal liability under the policy or custom theory, a plaintiff must plausibly allege (1) the existence of a municipal policy or custom and (2) a direct causal link between the policy or custom and the injury alleged. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see also Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997) (explaining that plaintiff must do more than simply "identify conduct properly attributable to the municipality," rather, "plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged"). Even accepting as true Bagnell's specific allegations regarding the conditions at the OCJ, the complaint fails to plausibly allege that those conditions result from a

policy or custom adopted by Ottawa County. For example, Bagnell generally alleges that the "[C]ounty does whatever to whoever," and "make[s] the rules as [it] see[s] fit on a day to day basis." Dkt. 1 at 24-25. Generously construed, these allegations may identify conduct attributable to Ottawa County, but they fall short of plausibly alleging deliberate conduct by the County to mistreat inmates at the OCJ. *See Bd. of Cty. Comm'rs of Bryan Cty.*, 520 U.S. at 404. Thus, to the extent Bagnell sues Floyd in his official capacity, the complaint fails to state a claim upon which relief can be granted and shall be dismissed.[6]

For these reasons, the Court finds that Bagnell's Count I claim shall be dismissed, in part, as moot and, in part, for failure to state a claim upon which relief can be granted.

### 2. Additional claims against Floyd

Within his supporting facts for Count I, Bagnell also alleges he failed to receive his "psych meds" for six days, an OCJ staff member opened or "tamper[ed] with [his] legal mail," another inmate saw inmate mail in a trash can, and a letter he sent to his wife took over two weeks to arrive. Dkt. 1 at 5-6, 8, 21, 26. Bagnell further alleges Floyd violated his due process rights by directing OCJ staff to deny his requests for copies of legal papers. Dkt. 5 at 1-4.

To the extent Bagnell asserts these allegations to support claims separate and apart from his conditions-of-confinement claim, his allegations are not well-developed and shall be dismissed for failure to state a claim upon which relief can be granted. First, Bagnell's bare allegations that he failed to receive medication for six days and that OCJ staff opened, tampered with, and delayed

---

[6] Moreover, even if Bagnell's complaint could be construed as sufficient to state a claim against Ottawa County under a municipal-liability theory by suing Floyd in his official capacity, Bagnell would not be entitled to punitive damages. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding "that a municipality is immune from punitive damages under 42 U.S.C. § 1983"); *Wulf v. City of Wichita*, 883 F.2d 842, 856 n.19 (10th Cir. 1989) (same).

delivery of his mail fail to state any plausible § 1983 claims. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (explaining that to state a plausible Eighth Amendment violation based on the failure to provide medical care, plaintiff must allege facts evidencing "deliberate indifference to [his] serious illness or injury"); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (finding that isolated incident of jail official opening prisoner's legal mail "without any evidence of improper motive or resulting interference with [prisoner's] right . . . of access to courts, [did] not give rise to a constitutional violation"). Further, even if Bagnell's bare allegations could reasonably be construed as sufficient to state a plausible constitutional violations, Bagnell does not attribute the alleged violations to Floyd. Instead, he seems to assert that Floyd is accountable for these alleged violations in his capacity as a supervisor. However, to establish that a supervisor is liable under § 1983, a plaintiff must plausibly allege "an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000) (alteration in original) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir.1988)). Bagnell's allegations regarding the delayed receipt of medication and interference with his mail, even accepted as true, do not state any plausible claims against Floyd in his role as a supervisor.

Bagnell does allege that Floyd had a direct role in depriving him of due process by denying his request for copies of legal papers. Specifically, he alleges that Floyd and Jesse Krewson instructed OCJ staff not to make copies of legal paperwork for Bagnell in any cases, including the instant civil action. Dkt. 5 at 2-3. Liberally construed, these allegations implicate Bagnell's constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, to state a plausible denial-of-access claim, "a prisoner must demonstrate actual injury from interference with his access to the courts—that is, that the prisoner was frustrated or impeded in his

11

efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee*, 627 F.3d at 1191. Even a generous reading of Bagnell's complaint does not support a plausible claim that he was deprived of his constitutional right of access to the courts. Significantly, Bagnell's assertion that Floyd instructed OCJ staff not to make him copies of legal paperwork in any case, does not demonstrate that he was impeded or frustrated from pursuing any particular claims. *See id.* And, as evidenced by this Opinion and Order, Bagnell cannot demonstrate that he has been denied access to this Court in the instant civil rights action.

For these reasons, Bagnell's additional claims against Floyd shall be dismissed for failure to state a claim upon which relief can be granted.

### 3. "Medical Negligence" claim against Nurse Horn

Although Bagnell characterizes his Count II claim as one asserting only a state-law claim for medical negligence, the Court will first consider whether his allegations state a plausible § 1983 claim. To the extent Bagnell's allegations against Horn could be construed as asserting that Horn violated his Eighth Amendment right to adequate medical care, the Court agrees with Horn that the complaint fails to state a claim upon which relief can be granted.

To state a plausible Eighth Amendment violation based on the failure to provide medical care, a plaintiff must allege facts evidencing "deliberate indifference to [his] serious illness or injury." *Estelle*, 429 U.S. at 104. A deliberate-indifference claim has both an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, an inmate must allege facts supporting that his or her "medical need was objectively sufficiently serious." *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). "A medical need is considered sufficiently serious . . . if the condition 'has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Al-Turki v.*

*Robinson*, 762 F.3d 1188, 1192-93 (10th Cir. 2014) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)). If the inmate alleges a harm caused by delayed medical treatment, the inmate must allege facts supporting that "the delay resulted in substantial harm." *Oxendine*, 241 F.3d at 1276. The Tenth Circuit has "held that the substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Al-Turki*, 762 F.3d at 1193 (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

To satisfy the subjective component, the inmate must allege facts supporting that the prison official who denied or delayed adequate medical care "acted or failed to act despite [the official's] knowledge of a substantial risk of serious harm" to the inmate's health. *Farmer*, 511 U.S. at 842. Thus, the inmate must plausibly allege that the official both "kn[ew] of and disregard[ed] an excessive risk" to the inmate's health. *Id.* at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.*

The Supreme Court has cautioned that "an inadvertent failure to provide adequate medical care" does not rise to a constitutional violation. *Estelle*, 429 U.S. at 105-06. Thus, a prison official's negligence, even negligence rising to the level of medical malpractice, does not violate the Eighth Amendment. *Estelle*, 429 U.S. at 106-07; *see also Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (collecting cases regarding the scope of the Eighth Amendment right to adequate medical care). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment also are not enough to state a deliberate-indifference claim. *McCracken v. Jones*, 562 F.2d 22, 24 (10th Cir. 1977).

In Count II of his complaint, Bagnell alleges that Horn (1) failed to provide his "psych meds," during his "entire" stay at the OCJ, (2) refused to make appointments for him to see an

outside doctor, (3) lied to him about making such appointments, (4) ignored his multiple requests for medical services between December 5, 2016, and December 29, 2016, and (5) failed to adequately respond to his request for treatment for a lost filling in his tooth. Dkt. 1 at 2, 9-11, 20-21. Bagnell alleges he was "in pain for over 45 days," and further alleges that on December 29, 2016, and January 2, 2017, he told Horn he had "continuous pain in [his] lower back and legs." *Id.* at 9, 11.

Even accepting these allegations as true, Bagnell fails to state a plausible Eighth Amendment claim against Horn. Arguably, Bagnell's allegation that he suffered continuous pain in his lower back and legs could be a "sufficiently serious" medical need that would satisfy the objective prong of his claim.[7] *See Mata*, 427 F.3d at 752. However, Bagnell's own allegations demonstrate that he ultimately received medical treatment and medication. Specifically, he alleges he went to Bearskin Medical for treatment and medication on December 14, 2016, he "started receiving meds" on December 16, 2016, and he had a second appointment at Bearskin Medical on January 6, 2017. *Id.* at 10, 12, 20-21. At most, the complaint plausibly alleges that Horn may have delayed Bagnell's requests for medical treatment. And the complaint does not plausibly allege that Bagnell suffered any "substantial harm" resulting from the alleged delay. *See Mata*, 427 F.3d at 752. Thus, even liberally construed, Bagnell's allegations fail to state a deliberate-indifference claim against Horn. For that reason, the Court finds that Count II shall be dismissed for failure to state a claim upon which relief can be granted.

Finally, to the extent Bagnell intends to assert a state-law claim against Horn for medical negligence, the Court declines to exercise supplemental jurisdiction over that claim because the complaint fails to state any plausible § 1983 claims. *See* 28 U.S.C. § 1367(c)(3); *Brooks v. Gaenzle*,

---

[7]  Bagnell's allegation that he lost a tooth filling does not satisfy the objective prong.

614 F.3d 1213, 1229 (10th Cir. 2010) (stating that federal court should decline to exercise supplemental jurisdiction and dismiss state-law claims without prejudice if court dismisses all federal claims before trial). As a result, and to the extent Bagnell asserts a state-law claim for medical negligence, that claim shall be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants' motion to strike (Dkt. 35) is **granted**.

2. Bagnell's "notices" (Dkts. 30, 32, 33, 34) are **stricken** as improper surreplies.

3. Floyd's motion to dismiss (Dkt. 19) is **granted**.

4. As to the claims against Floyd, the complaint (Dkt. 1) is **dismissed without prejudice**, in part, for lack of jurisdiction and, in part, for failure to state a claim upon which relief can be granted.

5. Horn's motion to dismiss (Dkt. 20) is **granted**.

6. As to the claims against Horn, the complaint (Dkt. 1) is **dismissed without prejudice**, in part, for failure to state a claim upon which relief can be granted and, in part, because the Court declines to exercise supplemental jurisdiction over any asserted state-law claims.

7. Defendants' alternative motions for summary judgment (Dkts. 21, 22) are **declared moot**.

8. A separate Judgment shall be entered in this case.

**DATED** this 6th day of March 2018.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT